[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12803
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cr-00014-ACC-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYES PEREZ-ASTUDILLO,
a.k.a. Mario R. Astudillo,
a.k.a. Reyes Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 14, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Reyes Perez-Astudillo appeals his 24-month sentence, imposed at the low-

end of the advisory guideline range, after pleading guilty to one count of illegal

reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  On appeal, Perez-Astudillo argues that: (1) the district court plainly erred in applying the 12-level enhancement for a felony "crime of violence" pursuant to § 2L1.2(b)(1)(A)(ii); and (2) the district court imposed a procedurally and substantively unreasonable sentence.  After careful review, we affirm.

When an appellant challenges the court's application of a sentence enhancement for the first time on appeal, we review for plain error.  United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009).  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  For an error to be plain, it must be obvious or clear under the current law at the time of appellate review.  Johnson v. United States, 520 U.S. 461, 467-68 (1997).  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent [from us] or the Supreme Court."  United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009).

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338,

351 (2007)).  However, we review procedural reasonableness claims for plain error where the defendant did not object on procedural grounds at sentencing.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).

First, we are unpersuaded by Perez-Astudillo's claim that the district court plainly erred in applying a 12-level enhancement to his sentence.  If, prior to deportation, Perez-Astudillo was convicted of a felony "crime of violence" without receiving criminal history points, the guidelines provide for a 12-level enhancement in offense level.  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Application Notes to § 2L1.2(b)(1) define a "crime of violence" as any of several enumerated offenses (including aggravated assault) or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).  Prior convictions that qualify as crimes of violence for purposes of § 2L1.2 "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses."  U.S.S.G. § 2L1.2 comment. (n.5).  When determining whether a prior conviction qualifies as a crime of violence, we generally use a categorical approach, considering the offense as defined by the law, rather than considering the facts of the specific violation.  United States v. Archer, 531 F.3d 1347, 1350 (11th Cir. 2008).  We are bound by a state's supreme court precedent

3

when interpreting state law, including its determination of the elements of the statute at issue.  Johnson v. United States, 559 U.S. 133, 138 (2010).

Under New York penal law, assault in the second degree is committed when: (1) "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or (2) [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument …"  N.Y. Penal Law § 120.05.  Criminal attempt is committed when, "with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."  N.Y. Penal Law § 110.00.  The New York definition of criminal attempt "was not intended to eliminate the … requirement that an attempt come very near to the accomplishment of the intended crime before liability could be imposed."  People v. Mahboubian, 543 N.E.2d 34, 42 (N.Y. 1989) (quotation omitted). The Model Penal Code's definition of attempt provides that:

> [a] person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he … purposely does … anything that, under the circumstances as he believes them to be, is an act … constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

Model Penal Code § 5.01(1)(c).

In this case, the district court did not plainly err in applying the 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Among other things,

4

Perez-Astudillo has not cited any binding authority or explicit statutory provisions in his brief holding that an attempt under New York law does not fall within the generic definition of attempt under § 2L1.2. Schultz, 565 F.3d at 1357. Instead, both definitions require that Perez-Astudillo perform conduct that was quite significant in order to be convicted of an attempt offense. Mahboubian, 543 N.E.2d at 42; N.Y. Penal Law § 110.00; Model Penal Code § 5.01(1)(c). Thus, because New York Penal law § 120.05(2) includes an element regarding the use, attempted use, or threatened use of physical force against the person of another, Perez-Astudillo's prior attempt conviction under this law qualifies as a § 2L1.2 "crime of violence." § 2L1.2, comment. (n.1(B)(iii)), (n.5).

We also find no merit to Perez-Astudillos's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "[T]he sentencing [court] should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments

5

and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotation omitted). When a district court considers the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the § 3553(a) factors, or discuss the role that each played in the sentencing decision. United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007). Indeed, we have held that "an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." Id.

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

6

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Perez-Astudillo's procedural reasonableness claim is subject only to plain error review, because he did not object to his sentence on procedural reasonableness grounds below. Perez-Astudillo has not demonstrated that his total sentence is procedurally unreasonable. As the record shows, the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority. The court also adequately explained why it gave Perez-Astudillo a guideline sentence. Further, the court's reliance on Perez-Astudillo's statement about returning to the United States was not inappropriate, since the statement impacted the court's consideration of §§ 3553(a)(1), (3)-(7) and § 3553(a)(2). In particular, his statement related to the nature and circumstances of his offense and his history and characteristics. See § 3553(a)(1). His statement also impacted the need for the sentence imposed to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

See 18 U.S.C. § 3553(a)(2).  Perez-Astudillo wanted to enter the United States again, care for his family, and essentially reoffend.  Further, even though he had been previously deported, he still intended to return to the United States, which highlighted his lack of respect for the law and inadequate deterrence.  Thus, the district did not improperly rely on this statement in imposing the sentence.

Nor has Perez-Astudillo shown that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors.  The district court said on the record that it had considered the § 3553(a) factors when deciding its sentence.  Although the court placed specific emphasis on Perez-Astudillo's intention to return to the United States and potentially reoffend, the record indicated that it did not do so to the detriment of the other § 3553(a) factors.  The district court was aware of his personal history and the age of his prior conviction prior to imposing his sentence, and the weight to be given to a particular factor is within the discretion of the court.  Moreover, as we've noted, there is no requirement that the district court state on the record that it had explicitly considered each of the § 3553(a) factors or discuss each of the § 3553(a) factors.

In addition, the court's sentence of 24 months represented the lowest end of the applicable guideline range of 24 to 30 months, and we ordinarily expect such a sentence to be reasonable.  The sentence was also well below the 10-year statutory maximum penalty, an indicator of reasonableness.

**AFFIRMED**.